# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2174V
UNPUBLISHED

| | |
|---|---|
| CORTNEY PEREZ and JAVIERE VALDEZ, on behalf of E.V., a Minor Child,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 2, 2023<br><br>Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing Petition; Measles Mumps Rubella (MMR) Vaccine; Diphtheria tetanus acellular Pertussis (DTaP) Vaccine; Hepatitis B (Hep B) Vaccine; Hepatitis A (Hep A) Vaccine; Polio Inactivated Virus (IPV) Vaccine; Thrombocytopenic Purpura (ITP) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Andrew Henning, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION[1]

On November 16, 2021, Cortney Perez and Javiere Valdez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") , on behalf of E.V., a minor child. Petitioners allege that E.V. received diphtheria tetanus acellular pertussis ("DTaP"), Hepatitis B, polio inactivated virus ("IPV"), Hepatitis A, and measles mumps rubella ("MMR") vaccines on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

October 15, 2020 and suffered immune thrombocytopenia purpura as a result. Petition at 1-4. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On April 28, 2023, Petitioners filed a motion for a dismissal decision, stating that they have filed all evidence they believe to be relevant to this matter. Petitioners' Motion for Decision Dismissing Petition, filed April 28, 2023, at *1 (ECF No. 24). Petitioners waive their right to a hearing or further proceedings. *Id.* Petitioners state that they "understand that this motion will result in an unfavorable decision by the Special Master, resulting in a judgment against Petitioners. Petitioners have been advised that such an unfavorable judgment will end Petitioners' claim as to entitlement under 42 U.S.C. §300aa-15(a)." *Id.* Petitioners add that they intend to protect their rights to file a civil action in the future. *Id.* at *2.

To receive compensation under the Vaccine Act, Petitioners must prove either 1) that E.V. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that E.V. suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). A claim must also demonstrate that the injury satisfies the statutory severity requirement. *Id.* at § 11(c)(1)(D). Examination of the record does not disclose that Petitioners are able to satisfy these requirements.

Under the Vaccine Act, Petitioners may not be awarded compensation based on the Petitioners' claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate entitlement to compensation. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioners' claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.