# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2174V

|  |  |
|---|---|
| CORTNEY PEREZ AND JAVIERE VALDEZ, on behalf of E.V., a minor child,  | Chief Special Master Corcoran |
| Petitioners, |  |
| v. | Filed: January 17, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioners.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On November 16, 2021, Cortney Perez and Javiere Valdez, acting on behalf of their minor child E.V., filed a Petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Program"). Petitioners alleged that following his receipt of an October 15, 2020 measles-mumps-rubella ("MMR") vaccine, E.V. suffered from immune thrombocytopenic purpura ("ITP"), with residual effects and complications lasting for more than six months. Petition (ECF No. 1); *see also* 42 C.F.R. §§ 100.3(a)(V)(A) and (c)(7) (listing of MMR/ITP on the Vaccine Injury Table).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

In April 2022, the case was assigned to the Special Processing Unit of the Office of Special Masters based on the allegation of a Table injury. But Respondent objected that neither the injury or any acceptable "residual effects" had persisted for at least six months, and accordingly the claim was ineligible for the Program. Rule 4(c) Report filed Dec. 16, 2022 (ECF No. 22) at 6 – 7, citing Section 11(c)(1)(D)(i) and *Wright v. Sec'y of Health & Hum. Servs.*, 22 F.4th 999, 1006 (Fed. Cir. 2022). Afterwards, Petitioners voluntarily dismissed their claim. Motion to Dismiss filed Apr. 28, 2023 (ECF No. 24); Dismissal Decision filed May 2, 2023 (ECF No. 25).

On November 6, 2023, Petitioners submitted their (first and final) request for attorneys' fees and costs. ECF No. 30. Petitioners represented that they did not incur any out-of-pocket expenses. ECF No. 30-4. On November 7, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs is met, and he requested that I exercise my discretion to determine an appropriate amount to be awarded. ECF No. 31 at 2 – 3. On November 8, 2023, Petitioners filed a Reply reiterating their fees request. ECF No. 32. For the reasons set forth below, Petitioners' motion is granted.

**Petitioners' Claim Had Reasonable Basis**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in some unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S. Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two

requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). The reasonable basis requirement looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at \*6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Human Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022), *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023) (*"Cottingham II")*. "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. Reasonable basis may exist when a claim is filed but cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at \*5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

3

formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

This claim foundered on the Act's "severity requirement." Vaccine Act Section 11(c)(1)(D)(i), which obligates claimants, as a threshold matter, to establish that an injury's residual effects lasted for over six months after the date of vaccination. *Black v. Sec'y of Health & Human Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

Here, it was undisputed that E.V. received a covered MMR vaccine on October 15, 2020. E.V. then developed petechiae, bruising, and a low platelet count – prompting an ITP diagnosis and treatment with IVIg all within six weeks post-vaccination. But E.V. had a normal platelet count by March 1, 2021, as confirmed by repeat testing through April 26, 2021. The subsequent medical records did not document any further bleeding or bruising to suggest any relapse or recurrence of a blood disorder. *See* Rule 4(c) Report at 2 – 5 (internal citations to the medical records omitted).[4] Thus, there was objective evidence supporting many elements of a Table MMR-ITP claim, but also a finding that E.V. recovered from ITP within six months after the vaccination.

When the Petition was filed, it was legally feasible to allege that E.V.'s repeat blood testing, continued for just over six months post-vaccination, constituted "residual effects" under Section 11(c)(1)(D)(i). But the Federal Circuit foreclosed that argument in its *Wright* decision, holding that the phrase "residual effects" only refers to actual, somatic "conditions within the patient," rather than ongoing precautions or speculation that an injury may reoccur. *Wright*, 22 F.4th at 1006.

Once *Wright* was issued, reasonable basis for the claim was endangered – but Petitioners promptly filed for a voluntary dismissal, and that "wrap-up" work may be included in the fees award. *Accord Wright v. Sec'y of Health & Human Servs.*, No. 16-498V, 2022 WL 17850714 (Fed. Cl. Spec. Mstr. Nov. 9, 2022) and *Michie v. Sec'y of Health & Human Servs.*, No. 19-453V, 2024 WL 1522347 at *2 – 3 (Fed. Cl. Spec. Mstr. Mar. 13, 2024) (both opinions finding reasonable basis for ITP claims that were filed before, and concluded after, the Federal Circuit's disposition of *Wright*). Thus, because I

---

[4] There is some suggestion that after these bloodwork test dates, the hematology team may have continued to follow, and possibly restricted ongoing vaccinations, for E.V. – but no corroborating medical records were filed. ECF No. 30 at 2 and ECF No. 30-6 at 6 (citing Ex. 7 at 8), *but see* Ex. 17 (ECF No. 18-3) (children's hospital updated records – reflecting no further dates of service).

deem the claim to have possessed reasonable basis through the time of its dismissal, a fees award is appropriate.

## Attorneys' Fees and Costs Calculation

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316 – 18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3. F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* at 1522.

Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011). The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at n. 1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. 434.

The rates requested (for attorneys Altom Maglio, Diana Stadelnikas, and Jessi Huff, and their paralegals – for work performed in 2021 - 2023) have previously been awarded by OSM and are also reasonable in this matter. All time billed to the matter was reasonably incurred. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Respondent offered no specific objection to the rates or amounts sought.

## Conclusion

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a fees award, Petitioners are awarded attorneys' fees and

costs in the total amount of **$45,818.65** (representing $44,664.00 in fees and $1,154.65 in costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.